UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG PAYTON, | Case No. 2:23-cv-1886-DC-CSK |
| Plaintiff, | |
| v. | DISCOVERY ORDER |
| UNION PACIFIC RAILROAD CO., | (ECF No. 35) |
| Defendant. | |

An informal discovery conference was held on July 11, 2025 regarding Plaintiff Craig Payton's Rule 30(b)(6) deposition notice to Defendant Union Pacific Railroad Co. (ECF No. 35.) Jessica Danielski appeared as counsel for Plaintiff; Simone Leighty and Jason Schaff appeared as counsel for Defendant. The parties agreed to abide by the Court's orders from the informal discovery conference. Taking into consideration the requirements under Federal Rules of Civil Procedure 26 and 30, the Court GRANTED IN PART and DENIED IN PART Plaintiff's discovery motion as to Plaintiff's Rule 30(b)(6) deposition notice to Defendant, and ruled as follows:

Topic 1:   Grant.

Topic 2:   Grant.

Topic 3:   Deny.

Topic 4:   Grant with clarification that Plaintiff is not seeking investigation-related information protected by the attorney work product privilege.

Topic 5:   Grant.

Topic 6:   Not at issue.

Topic 7:   Grant.

Topic 8:   Grant in part. Plaintiff to amend topic to clarify and narrow, including removing "all requirements."

Topic 9:   Grant in part. Plaintiff to amend topic to narrow by adding the timeframe of August 16, 2021 to August 16, 2022 (the date of the incident at issue) and Defendant's utilization of the Roseville wash rack.

Topic 10:  Grant in part. Plaintiff to amend topic to update the geography to the route of locomotives in question, which will require Plaintiff to both remove and add states from the current list. Defendant is permitted to elect to produce a witness as to this topic or serve a written response providing the information sought (location of wash racks in states identified and availability/operation status on date of incident) in writing.

Topic 11:  Deny. Plaintiff to serve an interrogatory as to the information sought, with the understanding that the interrogatory must be modified from how Topic 11 is currently drafted where all parties agreed Topic 11 was overbroad and unclear (i.e., "all details" and "so forth").

Topic 12:  Not at issue.

Topic 13:  Not at issue.

Topic 14:  Not at issue.

Topic 15:  Not at issue.

Topic 16:  Grant in part. Plaintiff to amend this topic to update the geography to the route of locomotives in question, which will require Plaintiff to both remove and add states from the current list, and to clarify that information is sought as to the issues similar to the incident at issue (e.g., maintenance, repair, defects in locomotive steps).

Topic 17:  Grant in part. Plaintiff to amend this topic to update the geography to the route of locomotives in question, which will require Plaintiff to both remove and add states from the current list.

Topic 18: Grant in part. Plaintiff to amend this topic to clarify that expert opinion-related information is not sought.

Topic 19: Grant.

Topic 20: Grant in part. Plaintiff to amend this topic to limit to the daily inspection card in effect on the date of the incident, and to further clarify the information being sought.

Topic 21: Grant.

Topic 22: Deny.

By Monday 7/14/2025, Plaintiff shall serve an amended Rule 30(b)(6) deposition notice with certain topics amended as discussed and ordered during the discovery conference. The parties must confer as to the topics as required by Rule 30(b)(6), and adequate meet and confer requires live communication (by phone, video, etc.), and not simply written communication.

By Friday 7/18/2025, the parties shall file a brief Joint Status Report as to the status of compliance with the Court's order regarding Plaintiff's Rule 30(b)(6) deposition of Defendant.

IT IS SO ORDERED.

Dated: July 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/payt1886.23_30b6