UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG PAYTON, | Case No. 2:23-cv-1886-DC-CSK |
| Plaintiff, | |
| v. | DISCOVERY ORDER |
| UNION PACIFIC RAILROAD CO., | (ECF No. 55) |
| Defendant. | |

An informal discovery conference was held on July 10, 2026 regarding Plaintiff Craig Payton's challenge to the Rule 30(b)(6) deposition of Defendant Union Pacific Railroad Co. and the production of a document raised during the Rule 30(b)(6) deposition of Defendant representative Steven Kurtz. (ECF No. 55.) Jessica Danielski appeared as counsel for Plaintiff; and Jason Schaff and Nicole Lowe appeared as counsel for Defendant. This is the parties' fourth discovery dispute overall, and second discovery dispute related to the Rule 30(b)(6) deposition of Defendant. *See* 7/11/2025 Discovery Order (ECF No. 37); 7/9/2025 Jt Disco. Dispute (ECF No. 35); Docket (ECF Nos. 28, 29, 32, 34, 35, 37, 44-46).

On June 22, 2026, one week after the June 15, 2026 fact discovery deadline passed, the parties filed a letter brief regarding a discovery dispute, but did not notice a hearing or request an informal discovery conference for any court action. (*See* ECF No.

1

53.) As a result, the Court issued a Minute Order on June 23, 2026 informing the parties that this filing would be disregarded because no informal discovery conference had been requested and instructing the parties to review the undersigned's Standing Orders to request such a conference. (ECF No. 53.)

On June 29, 2026, after the parties requested an informal discovery conference, an informal discovery conference was scheduled to be held on July 10, 2026. (*See* ECF Nos. 54, 55.)

**DISCUSSION**

As a preliminary matter, the parties continue to fail to follow the Court's order requiring page limits for informal discovery conference joint letter briefs, which are limited to two pages pursuant to the undersigned's Standing Orders. (*See* ECF Nos. 35, 55.) This page limitation requirement was also separately set forth in the Court's June 29, 2026 Minute Order. (ECF No. 54.) The Court warned the parties during the informal discovery conference that if the parties continue to fail to comply with the court-ordered page limits, the Court will issue sanctions in the future and repeats its admonition here.

The Court denies as untimely Plaintiff's challenge to the Rule 30(b)(6) deposition of Defendant and related document production. "The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).

The parties first raised this discovery dispute on June 22, 2026, after the June 15, 2026 fact discovery deadline passed.[1] As of the July 10, 2026 informal discovery conference, the parties have not requested extending the June 15, 2026 fact discovery deadline and this deadline has long passed. (*See* Docket.)

---

[1]  The Court also notes that the dispute was not raised properly on June 22, 2026 as no hearing was noticed and no informal discovery conference was requested. The Court discovered this defect through its own active case management and promptly notified the parties of the defect, which led to the scheduling of the July 10, 2026 informal discovery conference.

Fact discovery was originally scheduled to be completed by August 30, 2024. (ECF No. 6.) The parties have requested extending this deadline seven times and the deadline has been extended to December 30, 2024; to March 17, 2025; to June 16, 2025; to September 15, 2025; to December 15, 2025; to March 16, 2025; and finally, to June 15, 2026. (*See* ECF Nos. 9, 11, 17, 18, 21, 22, 30, 31, 42, 43, 48, 49, 50, 51.) In total, the fact discovery deadline has been extended for almost two years.

Though the parties did not address in their joint letter brief justification for Plaintiff's untimely request, the Court raised the issue during the informal discovery conference and permitted both sides to present argument as to this issue. The parties offered no explanation for why they did not seek a request to extend the fact discovery deadline as they had done several times before, letting the deadline lapse before the parties even raised the discovery dispute. Defendant did not object to untimeliness because it appears that Defendant has a separate discovery dispute it would like to raise regarding Plaintiff's cellphone. Plaintiff also failed to establish diligence or other justification to excuse his untimely request, and based on the record and argument before the Court, fails to establish good cause to excuse the untimely request or justify continuing the fact discovery deadline.

Therefore, the Court DENIES without prejudice Plaintiff's request as not timely.[2] *See Faulkner v. Centurion of Arizona*, 2023 WL 4422264, at *1 (9th Cir. July 10, 2023) (affirming where district court did not abuse its discretion in denying untimely motion to compel discovery); *see also Zivkovic*, 302 F.3d at 1087-88; *Watts v. Allstate Indem. Co.*, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) ("Motions to compel [] discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Lacy v. American Biltrite, Inc.*, 2012 WL 909309, at *8 (S.D. Cal. Mar. 16, 2012) ("The discovery cutoff includes hearings on motions to compel and

---

[2]  Because the parties did not request extending the fact discovery deadline, discovery deadlines may impact dispositive motion deadlines set by the assigned district judge, and the parties did not indicate whether they would file an eighth request for an extension before the district judge, this denial is without prejudice.

3

discovery ordered as a result of a motion to compel."). The Court also relies on its authority to manage its cases, including discovery deadlines, in denying Plaintiff's request as untimely.

## CONCLUSION

The Court DENIES without prejudice Plaintiff's discovery request (ECF No. 55).

IT IS SO ORDERED.

Dated:  July 10, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/payt1886.23_30b6_order2

4